UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENDY FALLA,<br><br>        Plaintiff,<br><br>    v.<br><br>R. RACKLEY, et al.,<br><br>        Defendants. | No. 2:18-cv-0811 KJN P<br><br>ORDER |

        Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis, with a civil rights action under 42 U.S.C. § 1983. On June 27, 2019, plaintiff filed a motion to change venue. Defendant Okoro opposes the motion. Because the law governing venue is clear and there is an impending settlement conference scheduled, the court dispenses with the filing of a reply by plaintiff.

        Plaintiff seeks a change of venue to the United States District Court for the Central District of California. Plaintiff states that the change of venue is needed because he has been released from prison and now lives in Los Angeles County, citing 28 U.S.C. § 1404(a).[1] However, for cases such as this, the federal venue statute requires that the action be brought only

---

[1] Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Here, defendant does not consent to a change of venue. (ECF No. 35.)

1

| | |
|---|---|
| 1 | in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) |
| 2 | a judicial district in which a substantial part of the events or omissions giving rise to the claim |
| 3 | occurred, or a substantial part of property that is the subject of the action is situated, or (3) a |
| 4 | judicial district in which any defendant may be found, if there is no district in which the action |
| 5 | may otherwise be brought. See 28 U.S.C. § 1391(b). The Central District of California does not |
| 6 | satisfy any of these requirements. Therefore, transfer is not appropriate. |
| 7 | As a matter of courtesy, plaintiff has been allowed to attend the July 18, 2019 settlement |
| 8 | conference by phone. Plaintiff is cautioned that failure to appear at the settlement conference |
| 9 | may result in the imposition of sanctions, including a recommendation that this action be |
| 10 | dismissed. |
| 11 | Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a change of venue |
| 12 | (ECF No. 34) is denied. |
| 13 | Dated: July 9, 2019 |

*Signature of Kendall J. Newman*

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/fall0811.chg